**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| Gerald Carter, Jr.,<br>Plaintiff(s),<br>v.<br>Adrian Beng, et al.,<br>Defendant(s). | Case No. 2:26-cv-02947-GMN-NJK<br>Report and Recommendation |

The Court has a duty to ensure that it has subject matter jurisdiction over the dispute before it, an issue it may raise at any time during the proceedings. *See, e.g.*, Fed. R. Civ. P. 12(h)(3).[1] Federal courts have limited jurisdiction and possess only that power authorized by the Constitution and statute. *See Rasul v. Bush*, 542 U.S. 466, 489 (2004). "A federal court is presumed to lack jurisdiction in a particular case unless the contrary affirmatively appears." *Stock West, Inc. v. Confederated Tribes of the Colville Reservation*, 873 F.2d 1221, 1225 (9th Cir. 1989). "The party asserting federal jurisdiction bears the burden of proving that the case is properly in federal court." *McCauley v. Ford Motor Co.*, 264 F.3d 952, 957 (9th Cir. 2001) (citing *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936)).

Plaintiff brings this case arising out of an incident at a Kentucky Fried Chicken during which workers allegedly provided poor service and used a racial epithet. Docket No. 1 at 2-4. The Court ordered Plaintiff to show cause why this case should not be dismissed for lack of subject matter jurisdiction. Docket No. 3. In particular, the Court explained that Plaintiff had not alleged that any of the defendants acted under color of state law, as would be required to state a federal claim pursuant to 42 U.S.C. § 1983. *Id.* at 1-2. Plaintiff filed a response to the order to show

[1] The Court addresses herein only the lack of subject matter jurisdiction. In the event Plaintiff establishes subject matter jurisdiction, the Court will then address other threshold issues, including resolving the application to proceed *in forma pauperis* and, as warranted, screening the complaint.

cause. Docket No. 4. Although the response provides further detail as to the alleged incident at issue, it fails to provide any basis on which to find that the Defendant fast-food workers were state actors or that the Court otherwise has subject matter jurisdiction over the case.[2]

As subject matter jurisdiction has not been established, the undersigned **RECOMMENDS** that this case be **DISMISSED** without prejudice to refiling in state court.

IT IS SO ORDERED.

Dated: October 14, 2026

Nancy J. Koppe
United States Magistrate Judge

**NOTICE**

This report and recommendation is submitted to the United States District Judge assigned to this case pursuant to 28 U.S.C. § 636(b)(1). A party who objects to this report and recommendation must file a written objection supported by points and authorities within fourteen days of being served with this report and recommendation. Local Rule IB 3-2(a). Failure to file a timely objection may waive the right to appeal the district court's order. *Martinez v. Ylst*, 951 F.2d 1153, 1157 (9th Cir. 1991).

[2] Plaintiff indicates that the underlying incident is also at issue in his criminal prosecution in state court. Docket No. 4 at 1. Plaintiff fails to explain, and the Court fails to discern, how that fact would transform the fast-food workers named as defendants into state actors. Plaintiff also indicates that he is seeking discovery, *see, e.g.*, *id.*, but he fails to explain why he is entitled to discovery as a means to try to state a federal claim under Section 1983, *see, e.g.*, *Mujica v. AirScan, Inc.*, 771 F.3d 580, 593 (9th Cir. 2014) ("plaintiffs must satisfy the pleading requirements of Rule 8 *before* the discovery stage, not after it" (emphasis in original)).